IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs June 7, 2016

**STATE OF TENNESSEE v. WILLIAM HENRY ALBRIGHT, JR.**

**Appeal from the Criminal Court for Shelby County**
**No. 1305836          Chris Craft, Judge**

—————————

**No. W2015-02159-CCA-R3-CD  -  Filed July 19, 2016**

—————————

The Defendant, William Henry Albright, Jr., pleaded guilty to aggravated burglary and theft over $1,000, and the trial court imposed an agreed-upon sentence of ten years for the aggravated burglary conviction and eight years for the theft conviction, concurrent, to be served on supervised probation. In 2015, the trial court issued a probation violation warrant and, after a hearing, the trial court revoked the Defendant's probation and ordered that the Defendant serve his sentence in confinement. On appeal, the Defendant contends that the trial court abused its discretion by ordering him to serve his sentence in incarceration. After review, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which ALAN E. GLENN and J. ROSS DYER, JJ., joined.

Stephen Bush, District Public Defender; Michelle Lynn and Phillip Harvey, Assistant District Public Defenders, for the appellant, William Henry Albright, Jr.

Herbert H. Slatery III, Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Alexia Crump, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I. Facts**

This case arises from the Defendant's violations of his probation sentences. In 2014, the Defendant pleaded guilty to aggravated burglary and theft of property valued over $1,000. The trial court sentenced him as a Range III offender. The trial court entered the sentence agreed to by the parties: a sentence of ten years at 45% for the aggravated burglary conviction and a concurrent sentence of eight years at 45% for the theft conviction. The trial court ordered both sentences to be served on supervised probation.

On August 27, 2015, the trial court issued a probation violation warrant because the Defendant had tested positive for cocaine and marijuana and had been arrested. A hearing was held on October 2, 2015, and the parties presented the following evidence: Todd Cash, a Tennessee Department of Correction and Parole probation officer, testified that he supervised the Defendant's probation sentences beginning in May 2015. He stated that the Defendant had previously been on probation and that the Defendant had successfully completed the "Jericho Project" in January 2015 after which time the Defendant's case was transferred to Mr. Cash. Mr. Cash testified that the Defendant had violated Rule 7 of the rules of probation, which prohibited him from consuming drugs and alcohol. Mr. Cash stated that the Defendant had also violated Rule 13 of the rules of probation which imposed a specialized condition of probation for registered sex offenders that they not consume drugs or alcohol. Mr. Cash testified that he took a urine sample from the Defendant on July 28, 2015, and the sample showed positive for cocaine and marijuana. Mr. Cash then sent the urine sample to the lab to be further tested, and the results of the lab test were positive for cocaine and marijuana.

On cross-examination, Mr. Cash agreed that the Defendant had complied with registration on the sex offender registry requirement, but he stated that it was a requirement under the Sex Offender Registry Act not to consume drugs or alcohol.

At this point the trial court stated that it would allow the State to introduce an affidavit certifying the lab test results, but it would not revoke the Defendant's probation based solely on Mr. Cash's testimony. The matter was taken under advisement pending the State's procurement of this evidence. Proceedings were reconvened on October 16, 2015, wherein the State introduced as an exhibit an affidavit from the director of Analytical Toxicology attached to the lab report confirming that the Defendant's urine sample had tested positive for cocaine and marijuana.

The Defendant testified that, while on probation, he started "feeling better" and ceased taking his medication and that, by not taking his medication, it was "easier" for him to indulge in drugs and alcohol when they were offered to him. The Defendant acknowledged that he should not have stopped taking his medication because that's when he would commit crimes. The Defendant agreed that the trial court had ordered him to stay on his medication.

After hearing the evidence, the trial court made the following findings:

Well, we did everything we could for [the Defendant], and he knew, he absolutely knew he had to stay on his medication. And the problem with [the Defendant] and other people in that project, is they don't take their medicine. Instead they self-medicate with illegal drugs. In this case he was using cocaine and marijuana and not using his drugs that he needed to be on for his mental condition. There's absolutely no way I can be sure that this won't happen again. So I'm going to have to violate [the Defendant's] probation.

The trial court then revoked the Defendant's probation and ordered that the sentences be served in incarceration. It is from this judgment that the Defendant now appeals.

## II. Analysis

The Defendant contends that the trial court abused its discretion when it revoked his probation sentences. Specifically, he contends that the trial court failed to recognize its authority to order a shorter period of incarceration or to place him back on probation. The Defendant further argues that the trial court failed to consider the purposes and fundamental policies of the Sentencing Reform Act and that the trial court applied "improper logic and reasoning" regarding the factual circumstances of the Defendant's case. The State responds that the trial court properly revoked the Defendant's probation. We agree with the State.

A trial court's authority to revoke a suspended sentence is derived from Tennessee Code Annotated section 40-35-310 (2014), which provides that the trial court possesses the power "at any time within the maximum time which was directed and ordered by the court for such suspension, . . . to revoke . . . such suspension" and cause the original judgment to be put into effect. A trial court may revoke probation upon its finding by a preponderance of the evidence that a violation of the conditions of probation has occurred. T.C.A. § 40-35-311(e) (2014). "In probation revocation hearings, the credibility of witnesses is to be determined by the trial judge." *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). If a trial court revokes a defendant's probation, options include ordering confinement, ordering the sentence into execution as originally entered, returning the defendant to probation on modified conditions as appropriate, or extending the defendant's period of probation by up to two years. T.C.A. §§ 40-35-308(a), (c), -310 (2014); *see State v. Hunter*, 1 S.W.3d 643, 648 (Tenn. 1999).

The judgment of the trial court in a revocation proceeding will not be disturbed on appeal unless there has been an abuse of discretion. *See State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *State v. Smith*, 909 S.W.2d 471, 473 (Tenn. Crim. App. 1995). In order for this Court to find an abuse of discretion, "there must be no substantial evidence to support the

3

conclusion of the trial court that a violation of the conditions of probation has occurred." *Shaffer*, 45 S.W.3d at 554. Further, a finding of abuse of discretion "'reflects that the trial court's logic and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles involved in a particular case.'" *Shaffer*, 45 S.W.3d at 555 (quoting *State v. Moore*, 6 S.W.3d 235, 242 (Tenn. 1999)).

In the present case, the trial court concluded that the Defendant had violated the condition of probation that states, "I will not use intoxicants . . . of any kind to excess, or use or have in my possession narcotic drugs or marijuana." We conclude that the record supports, by a preponderance of the evidence, the trial court's determination that the Defendant had violated a condition of his probation sentences. Mr. Cash, the Defendant's probation officer, testified that a urine sample taken from the Defendant tested positive for cocaine and marijuana. A certified toxicology report confirmed those test results.

The Defendant specifically asserts that the trial court failed to consider the principles of sentencing reform, namely that it could impose a shorter sentence or reinstate the Defendant's probation rather than order him to serve his sentence in incarceration. The trial court stated that, in granting supervised probation when the Defendant initially pleaded guilty, it had given the Defendant the opportunity to prove that he could comply with the rules of probation. The trial stated that it could not trust that the Defendant would not violate his probation again if given another opportunity and for those reasons, the Defendant would serve his sentence in incarceration. This is evidence of the trial court's consideration of the option of alternative sentencing, which it found was not appropriate in this case. Considering the substantial evidence presented in support of the trial court's determination, we conclude that the trial court did not abuse its discretion when it declined to order a shorter period of incarceration or reinstate the Defendant's probation. The Defendant is not entitled to relief.

### III. Conclusion

Based on the foregoing reasoning and authorities, we affirm the trial court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE

4